## A. J. McCracken v. The State.

No. 16411. Delivered February 21, 1934.
Reported in 68 S. W. (2d) 500.

The opinion states the case.

*Patterson & Lobdell,* of Decatur, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for aggravated assault, the punishment being a fine of one hundred fifty dollars.

Appellant was put to trial on an indictment which charged him with an assault with intent to murder one Forrest Crownover. The present conviction resulted.

People were gathered at and near a church on Sunday night. A difficulty arose between appellant and his son (Willie McCracken) on the one side and Forrest Crownover and his brother, Jim, on the other. While Willie and Forrest were fighting, appellant drew from his car a shotgun, which other parties took away from him. Willie hit Forrest on the head with a piece of iron and ran away. Forrest pursued and caught him and knocked him down. While Forrest, with his fists, was striking Willie the latter called to his father (appellant) for help. Appellant started to where they were down on the ground

in the road fighting when Jim tried to stop him. Appellant cut Jim and then went to where the boys were fighting and stabbed Forrest in the back with a knife. It was in evidence that on Saturday before the difficulty on Sunday night, appellant had said he was going to see his son Willie whip Marshall Steele, and that he (appellant) was going to see that the Crownovers did not interfere. The Crownovers and Steele had been told of this statement made by appellant. Steele was present when the trouble occurred but seems not to have been actively involved in it.

In the motion for a new trial a number of objections to the court's charge were urged but the record fails to show that objections, written or otherwise, were made at the time of the trial.

The motion for a new trial was based in part on claimed newly discovered evidence, and the affidavits of the named witnesses are attached to the motion. The court heard evidence upon the matter when the motion was presented, and, in overruling the same, says in substance that what the claimed new witnesses knew appellant also knew; that the application for a continuance showed that appellant knew about the witnesses and that with reasonable diligence their presence could have been secured at the trial. The action of the court in overruling the motion was based on his finding that the evidence of the proposed witnesses was not newly discovered. The court had before him at the time the application for a continuance to which he referred. It is not in the record. We must assume that the court was justified in his conclusions from the recitals in the application for continuance.

No bills of exception are brought forward complaining of the action of the court in denying the continuance or complaining of any other matter occurring during the trial.

The judgment is affirmed.

*Affirmed.*